## HENRY H. CRAPO vs. PELEG H. STETSON.

A collector of taxes cannot maintain an action to recover them in any case besides those in which an action is given to him by the Rev. Sts. c. 8, § 15.

When a defendant, who is sued by a town collector for the recovery of a tax, defends on the ground that he was not an inhabitant of the town where he was taxed, at the time when the tax was assessed, but had removed therefrom, and this defence fails, he may then defend on the ground that he has not removed from the town since the tax was assessed.

THIS was an action of assumpsit, brought by the collector of taxes for the town of New Bedford, to recover the amount of a poll tax and a tax on personal property, assessed upon the defendant in the year 1841. Trial in the court of common pleas, before *Warren*, J. at December term 1843.

The plaintiff introduced evidence tending to show that the defendant was an inhabitant of New Bedford on the 1st of May 1841, and subject to taxation there ; that a poll tax, and a tax on his real and personal estate, were duly assessed upon him on that day ; that he sailed on a voyage from New Bedford on the 28th of April 1841, and had ever since been absent, in the prosecution of said voyage ; that his wife, during his absence, had paid that portion of the tax assessed on his real estate for the years 1841, 1842, and 1843. No evidence was offered, tending to show that the defendant had any notice of the assessment of the tax sued for, or that any demand of payment had been made on him, except what may be derived or inferred from the fact of the payment made by his wife, as above mentioned.

The defence was, that the defendant was not an inhabitant of New Bedford on the 1st of May 1841, and therefore was not liable to taxation there, for any thing besides his real estate ; and his counsel introduced evidence tending to show that he had removed from New Bedford before that day, and had declared that he intended to move before that day, so as to escape taxation in that town. But the judge ruled. that upon the facts admitted to be proved, the defendant was an inhabitant of New Bedford, and that the tax sued for was legally assessed upon him.

It was then objected by the defendant's counsel, that if the defendant had not removed from New Bedford, but was still an inhabitant of that town, the action could not be maintained under the circumstances aforesaid. The judge instructed the jury that the action could not be maintained, and a verdict was returned for the defendant. To this instruction the plaintiff alleged exceptions.

*Colby*, for the plaintiff.

*Coffin*, for the defendant.

DEWEY, J. The validity of the tax, and the liability of the defendant to be assessed therefor, have been settled by the jury, in favor of the plaintiff; and the remaining question is, whether, although thus liable to be assessed, an action of assumpsit will lie, in the name of the collector of taxes, to recover the amount of the tax of the defendant.

It is well settled, that the law gives no remedy for the collection of taxes other than those provided by statute; and unless the mode now sought to be enforced is given by statute, it does not exist. The only statute provision, that is supposed to authorize this action, is that of Rev. Sts. *c.* 8, § 15, declaring that when any person shall, after the assessment of a tax upon him, move out of the precinct of the collector, without paying his tax, the collector may, in his own name, maintain an action of debt or assumpsit therefor. But here was no removal after the assessment of the tax. If the defendant was an inhabitant of New Bedford at the time of assessing the tax, he was equally so at the time of the commencement of the present action. This case is not, therefore, within the statute cited and relied upon.

It is argued that the defendant is estopped from setting up this ground of defence, inasmuch as he insisted on the trial, as an objection to the right of recovery against him, that he was not an inhabitant of New Bedford. This ground was taken as an objection to the validity of the tax, and to show that he was not liable, in any form of proceeding, to the collection of the same. But this does not bar him of the further right of falling back upon his second ground of defence, if the first fails him

The two grounds are no more inconsistent than many pleas that have always been allowed to be filed as grounds of defence The instruction was right.

*Exceptions overruled.*